UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

BONNIE PIASECKI, JAN HENSEL,
and IRENE PREVORSE,

                           Plaintiffs,                              AMENDED
                                                              DECISION AND ORDER
                v.                                                 10-CV-208A

ERIC SHINSEKI, Secretary,
Department of Veteran Affairs,

                           Defendant.

═══════════════════════════════

## BACKGROUND

        Three women employed by the Department of Veterans Affairs ("VA") filed suit

on March 11, 2010 alleging that while employed at the VA, they were subject to a

hostile work environment and retaliation in violation of Title VII, 42 U.S.C. § 2000e.

Defendant Eric Shinseki, Secretary of the VA, moves to dismiss claims filed by two of

the three plaintiffs, Irene Prevorse and Jan Hensel.  Defendant asserts that the claims

of both Prevorse and Hensel are untimely because they were not filed within the 90-day

filing period required by 42 U.S.C. § 2000e-16(c).[1]

        For the reasons stated, the Court finds that the claims of plaintiff Hensel and

Prevorse are untimely.

─────────────────────────

        [1]  Defendant does not challenge the timeliness of plaintiff Bonnie Piaseki's claim.

**DISCUSSION**

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes this Court to dismiss a party or claims if jurisdiction is lacking.  In ruling on a motion to dismiss for lack of jurisdiction, "[t]the party invoking jurisdiction bears the burden of establishing that jurisdiction exists."  Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009)(quotation omitted).  At this stage of the litigation, the Court accepts as true all material allegations in the complaint, and draws all reasonable inferences in the plaintiff's favor.  Id.

 "Prior to bringing suit under either Title VII . . ., a federal government employee must timely 'exhaust the administrative remedies at his disposal.'"  Belgrave v. Pena, 254 F.3d 384, 385 (2d Cir. 2001)(per curium)(quoting Downey v. Runyon, 160 F.3d 139, 145 (2d Cir.1998).  Federal employees must comply with the regulations promulgated by the Equal Employment Opportunity Commission ("EEOC") and must exhaust administrative remedies before bringing suit.  Id.

> The EEOC regulations require that the aggrieved employee, *inter alia*, (1) consult with a counselor at the relevant agency's Equal Employment Office ("EEO") within 45 days of the alleged discriminatory act, *see* 29 C.F.R. § 1614.105(a)(1), and, if the matter is not resolved after a mandatory counseling period, (2) file a formal written administrative complaint ("EEO complaint") within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint ("EEO notice"), see id. § 1614.106(a), (b). The employee may then file a civil action (i) within 90 days of notice of a final agency decision on his or her EEO complaint, or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(a), (b).

Id.

The defendant argues that plaintiff Hensel's and plaintiff Pervorse's own

allegations in the complaint show that they have failed to file their complaint within 90 days of receiving notice of their final administrative decision.  According to the complaint, plaintiff Hensel's final administrative decision was issued on December 7, 2009, and she received notice that same day.  (See Compl. Dkt. 1, at ¶ 8).  Plaintiff Prevorse's final agency decision was issued on November 16, 2009, and she alleges that she received notice that same day.  (Id. at ¶ 11).[2]  The complaint was filed on March 11, 2010.  Therefore, plaintiff Hensel filed her action 94 days after the final agency decision had been issued, and plaintiff Prevorse filed her action 115 days after her final agency decision was issued.  As defendant correctly notes, the claims of both plaintiffs are untimely.[3]

Although untimely, the 90-day limitations period is subject to equitable tolling. In Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), the Supreme Court ruled that the statutory time limit for filing charges is not a jurisdictional prerequisite and can be waived or tolled where deemed equitable by the district court.  Equitable tolling is only appropriate "in [ ] rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks omitted), where a party has been "prevented in some extraordinary way from exercising his rights," Johnson v. Nyack

---

[2]  Paragraph 11 of the complaint mistakenly refers to "Hensel" as having received notice of her right to sue on November 16, 2009.  However, it is clear that the complaint intended to refer to plaintiff *Prevorse* as having received notice on that day.

[3]  Both plaintiffs allege that they received their right-to-sue letter on the same date that it was issued.  This Court accepts those allegations as true.  However, even if plaintiffs did not, their claims are untimely.  Absent sufficient evidence to the contrary, it is presumed that a plaintiff received his or her right to sue letter three days after its mailing. See Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir.1996).  There was no evidence showing that either plaintiff received her notice more than three days after her final decision was issued. After adding three days for mailing, each plaintiff's complaint remains untimely.

Hosp., 86 F.3d 8, 12 (2d Cir. 1996) (internal quotation marks and alteration omitted).

Equitable tolling has been applied in situations where the claimant actively pursued her

judicial remedies by filing a defective pleading during the statutory period, or where she

had been induced or tricked by her adversary's misconduct into allowing the filing

deadline to pass.  See Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990).

The doctrine has also been applied where the claimant received inadequate notice, or

where a motion for appointment of counsel was pending.  See South v. Saab Cars

USA, Inc, 28 F.3d 9, 11-12 (2d Cir. 1994).  Plaintiff does not assert any basis for

equitable tolling of the 90-day limitations period..

      "[I]n the absence of a recognized equitable consideration the court cannot

extend the limitations period by even one day." Johnson v. Al Tech Specialties Steel

Corp., 731 F.2d 143, 146 (2d Cir. 1984) (quotation omitted) (dismissing action filed 97

days after receipt). See also Zerilli-Edelglass v. N.Y.C. Transit Authority, 333 F.3d 74,

78 (2d Cir. 2003) (affirming dismissal of complaint received by pro se office 92 days

after receipt of right to sue notice); Ford v. Consol. Edison Co. of N.Y., Inc., No. 03 Civ.

9587(PAC), 2006 WL 538116, at *6-7 (S.D.N.Y. Mar. 3, 2006) (dismissing Title VII

claim as time barred where lawsuit was filed 92 days after plaintiff's attorney received

right-to-sue letter); Manley v. N.Y. City Police Dep't, No. 05 Civ. 679(FB), 2005 WL

2664220, at *5 (E.D.N.Y. Oct.19, 2005) (dismissing Title VII claim as untimely where

lawsuit was filed 91 days after receipt of right-to-sue letter).

      Although plaintiffs Hensel and Prevorse do not cite any basis for this Court to

apply equitable tolling, they do assert that their claims are timely under the "single filing

rule."  The "single filing rule", also known as the "piggybacking rule," permits a plaintiff

4

who has failed to file her own timely discrimination charge to "piggyback" off of a timely charge filed by a co-worker.  The Second Circuit has explained the rule as follows: "[W]here one plaintiff has filed a timely EEOC complaint, other *non-filing* plaintiffs may join in the action if their individual claims arise out of similar discriminatory treatment in the same time frame.'" Holowecki v. Federal Express Corp., 440 F.3d 558, 564 (2d Cir. 2006) (quoting Snell v. Suffolk County, 782 F.2d 1094, 1100 (2d Cir. 1986) (emphasis added).  "The rule thereby avoids unnecessary repetition of EEOC filings where the initial complaint went unaddressed," Snell, 782 F.2d at 1100.

The single filing rule does not apply, however, where a plaintiff has filed her own administrative charge.  Rather, in that situation, each plaintiff is required to bring suit within 90 days of receiving her own right-to-sue letter.  The Second Circuit has held that "[a]n individual who has previously filed an EEOC charge cannot piggyback onto someone else's EEOC charge." Holowecki, 440 F.3d at 564; see also Levy v. United States Gen. Accounting Office, 175 F.3d 254, 255 (2d Cir. 1999) (per curiam) (affirming lower court holding that individuals who filed administrative charge but failed to file federal suit within 90 days of receipt of right-to-sue letter could not take advantage of single filing rule).  The Fifth, Eighth, and Eleventh Circuit Courts of Appeals are in accord.  See Gitlitz v. Compagnie Nationale Air France, 129 F.3d 554, 557-58 (11th Cir. 1997) ("A plaintiff who has *not* filed an individual EEOC charge may invoke the single-filing rule where such plaintiff is similarly situated to the person who actually filed an EEOC charge, and where the EEOC charge actually filed gave the employer notice of the collective or class-wide nature of the charge. . . . However, where a plaintiff has filed an individual EEOC charge, such a plaintiff should be required to rely upon his or

5

her own EEOC charge, and cannot reasonably rely upon the other claimant's charge.")(emphasis in original); <u>Mooney v. Aramco Serv. Co.</u>, 54 F.3d 1207, 1224  n. 22 (5th Cir. 1995) (holding that employee who filed his own EEOC charge "is bound by the parameters of his own EEOC charge, and cannot subsequently utilize the single filing rule to avoid the statute of limitations"); <u>Anderson v. Unisys Corp.</u>, 47 F.3d 302, 309 (8th Cir.), <u>cert. denied</u>, 516 U.S. 913 (1995) ("Even if those plaintiffs are piggybacking on another employees timely administrative charge, once they file separate administrative charges, they cannot rely any further on the other claimant's actions and must timely file suit after receiving their right-to-sue letters.").

        The Eighth Circuit has noted the irony that results from permitting a plaintiff who has not filed an EEOC charge to "piggyback" on another employee's charge, but then denying  the "piggyback" option to a plaintiff who has exercised somewhat more diligence by initiating an EEOC charge although failing to follow through with a timely suit.   The Eighth Circuit explained the rationale behind that irony as follows:

> Our decision in <u>Kloos v. Carter-Day Co.</u>, 799 F.2d 397,  400 (8th Cir. 1986), permitted plaintiffs who had not filed administrative charges to "piggyback" on the timely filing of an administrative charge filed by another claimant who purported to represent the interests of a class of similarly situated employees . . . . For those plaintiffs who have never filed an administrative charge and who are allowed to piggyback on the filed claim of another, we deem it reasonable to permit them to join suit as long as the claimant on whose administrative filing they have relied timely files suit . . . .
>
> Those plaintiffs who do file administrative charges, however, should be bound by the statute of limitations, which is normally stated in the right-to-sue letter.   Even if those plaintiffs are piggybacking on another employee's timely administrative charge, once they file separate administrative charges, they cannot rely any further on the other claimant's actions and must timely file suit after receiving their right-to-sue

letters. Thus, any claimant who files an administrative charge and
receives a right-to-sue letter from the EEOC must file suit within ninety
days after receiving that letter to preserve the cause of action.

Anderson, 47 F.3d at 308-09.

In sum, the single-filing rule does not apply here because each plaintiff filed her

own discrimination charge.


## CONCLUSION

For the reasons stated, plaintiff Hensel's and plaintiff Prevorse's claims are

deemed untimely.  The Clerk of the Court is directed to dismiss the claims asserted by

plaintiffs Hensel and Prevorse.


SO ORDERED.


_s/ Richard J. Arcara_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: June 24, 2011

7