UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BONNIE PIASECKI,

                Plaintiff,

                                              **Hon. Hugh B. Scott**

            v.                                        10CV208A

                                                    **Report**
                                                      **&**
ERIC SHINSEKI, Secretary,                      **Recommendation**
U.S. Department of Veterans Affairs,

                Defendant.

---

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 14). The instant matter before the Court is defendant's motion for summary judgment (Docket No. 33[1]). Responses to this motion initially were due by August 22, 2012 (Docket No. 38; see also Docket No. 40), with an extension granted and responses then due by September 21, 2012, and any reply due by October 1, 2012, and the motion was deemed submitted (without oral argument) on October 1, 2012 (Docket No. 42).

---

[1] In support of defendant Secretary's motion, he submits his Memorandum, Docket No. 34; his attorney's Declaration, with exhibits, Docket No. 35; the Declaration of Kerima L. Collier, equal employment opportunity program manager and ADR coordinator for the VA WNY Health Care System, Docket No. 36, id., ¶ 1; his Statement of Facts, Docket No. 37; his Reply Memorandum, Docket No. 44; the Reply Declaration of his counsel, Docket No. 45.
      In opposition, plaintiff submits her Response to Defendant's Local Rule 56 Statement, with Appendix of exhibits, her Affidavit, and the Declaration of her counsel, Docket No. 43.

1

**BACKGROUND**

This is a Title VII action, originally commenced by three female employees of the United States Department of Veterans Affairs (hereinafter "VA") for sex discrimination and continuing a hostile work environment based on sex (Docket No. 1, Compl.).

Defendant moved to dismiss the claims of plaintiffs Jan Hensel and Irene Prevorse based upon statute of limitations (Docket No. 7; see Docket No. 37, Def. Statement ¶ 7; see also Docket No. 43, Pl's Response to Def. Statement at 3) and this Court granted the motion (Docket Nos. 13, 15). Defendant then answered the plaintiff's remaining allegations (Docket No. 21).

*Summary Judgment Motion*

According to defendant's Statement (undisputed, save where stated otherwise), plaintiff began to work for the VA on October 31, 2004, as a GS-4 nursing assistant at the Batavia VA Medical Center (Docket No. 37, Def. Statement ¶¶ 1-2; see also Docket No. 43, Pl's Response at 2). Plaintiff worked in one of the three wards at the Batavia VA Medical Center, the Maple Lodge (Docket No. 37, Def. Statement ¶ 5; see also Docket No. 43, Pl's Response at 3). She worked in the Maple Lodge with licensed practical nurse Hensel and GS-5 nursing assistant Prevorse (Docket No. 37, Def. Statement ¶ 6; see also Docket No. 43, Pl's Response at 3). Lucinda Norton-Ortiz is the nurse manager at Maple Lodge and supervisor of plaintiff, Hensel, and Prevorse (Docket No. 37, Def. Statement ¶ 8; see also Docket No. 43, Pl's Response at 4), while Vincent Pontillo is a housekeeper employed at Batavia VA Medical Center and its Maple Lodge (Docket No. 37, Def. Statement ¶ 9; see also Docket No. 43, Pl's Response at 4). Plaintiff alleges that Pontillo made inappropriate sexual comments to hear about "jerking off" in the bathroom, cheating on her husband, and other inappropriate topics, including asking her out on a date (Docket No. 37, Def. Statement ¶¶ 11, 12; see also Docket No. 43, Pl's Response at 5). One

2

complaint plaintiff made is that Pontillo showed a cell phone photograph of his penis (Docket No. 37, Def. Statement ¶ 13), which plaintiff contends is more extensive than defendant states in his Statement of Undisputed Facts (Docket No. 43, Pl's Response at 5-6). Pontillo, however, denied these allegations in statements to the VA, in administrative proceedings, and in his deposition testimony in this action (Docket No. 37, Def. Statement ¶ 14; see, e.g., Docket No. 35, Def. Atty. Aff. Ex. 6).

On March 31, 2008, Hensel complained to Norton-Ortiz about Pontillo's alleged harassment, and this was the first time a complaint was made to the VA about Pontillo (Docket No. 37, Def. Statement ¶¶ 15-16; see also Docket No. 43, Pl's Response at 6). Hensel claimed that plaintiff was a witness to this harassment (Docket No. 37, Def. Statement ¶ 17; see also Docket No. 43, Pl's Response at 6-7). Immediately after this meeting with Hensel, Norton-Ortiz had Pontillo removed from Maple Lodge and eventually placed on administrative leave, with Pontillo not returning to work where plaintiff worked (Docket No. 37, Def. Statement ¶¶ 18-22; see also Docket No. 43, Pl's Response at 7-8). A recommendation to terminate Pontillo was denied by the interim medical director and an Administrative Board of Investigation (or "ABI") was convened to investigate the allegations against Pontillo (Docket No. 37, Def. Statement ¶ 25; see also Docket No. 43, Pl's Response at 9).

Defendant argues that plaintiff's hostile work environment claims are time barred. There are two periods for plaintiff to timely commence her claim, first a "front-end" period of 45 days from the alleged discriminatory act for the federal employee to seek EEO counseling; and a "back-end" period of 90 days when plaintiff must file suit following the final administrative action (Docket No. 34, Def. Memo. at 4-5, 5-6). Plaintiff had sought counseling with the EEO office on April 17, 2009 (Docket No. 35, Def. Atty. Aff. ¶ 74, Ex. 37; Docket No. 34, Def.

Memo. at 5). Defendant concludes that all claims prior to March 3, 2009 (45 days prior), are time barred (Docket No. 34, Def. Memo. at 5). Defendant contends that plaintiff alleged sexual harassment incidents in March 2004, and in 2007 and 2008, and finally in mid-2008 (id. at 5-6; Docket No. 1, Compl. ¶ 37). Plaintiff thus sought EEO counseling ten months after the last incident in the middle of 2008 beyond the 45-day front end period, hence these hostile work environment claims are time barred (Docket No. 34, Def. Memo. at 6).

Alternatively, defendant argues that plaintiff's hostile work environment claims fail on their merits (id. at 6-8).

Defendant Secretary also denies any vicarious liability for the acts of VA employee Pontillo (Docket No. 34, Def. Memo. at 8-11). The VA learned of Pontillo's alleged harassment on March 31, 2008, and that same day placed Pontillo on administrative leave and removed him from the work place. Pontillo never worked with plaintiff since March 2008. (Id. at 10.)

Applying McDonnell Douglas[2] burden shifting to plaintiff's retaliation claim, defendant argues that he can rebut her prima facie case with a legitimate, non-retaliatory reason for terminating plaintiff, for fabricating her allegations against Pontillo following an extensive internal investigation of her claims (Docket No. 34, Def. Memo. at 11-13).

As for the statute of limitations defense, plaintiff argues that defendant waived it by addressing the merits of her contentions without raising the limitations period as an issue (Docket No. 43, Pl. Memo. at 4-5), Ester v. Principi, 250 F.3d 1068, 1071-72 (7th Cir. 2001); see also Bruce v. U.S. Dep't of Justice, 314 F.3d 71, 74-75 (2d Cir. 2002) (per curiam) (Second Circuit cites Ester as good law, but did not apply to that appeal).

---

[2] McDonnell Douglas v. Green, 411 U.S. 792 (1973).

4

Plaintiff next argues that she established a prima facie case of hostile work environment, with plaintiff showing that she suffered from repeated and pervasive sexual harassment at the hands of Pontillo (id. at 5-11). Plaintiff received medical treatment , including prescribed antidepressants, in response to Pontillo's harassment (id. at 9). Plaintiff was bothered by Pontillo's conduct mostly as to how it affected her coworker Hensel (id. at 8-9). She concludes that defendant is responsible because, while plaintiff's complaint lead to Pontillo's brief suspension and an investigation, plaintiff was terminated (id. at 10).

As for her retaliation claim, plaintiff contends that she stated a valid claim (id. at 11-14). She points to the shift of focus of the Pontillo investigation from Pontillo the perpetrator to her, the victim, as evidence of pretext for her termination, or at least raises an issue of fact (id.).

Defendant replies that the Second Circuit did not fully adopt the waiver doctrine enunciated by the Seventh Circuit in Ester, see Bruce, supra, 314 F.3d at 75 (Docket No. 44, Def. Reply Memo. at 2-3). Defendant argues that the Second Circuit has an express waiver rule, which requires defendant to make an express finding as to timeliness or failed to appeal a timeliness determination by the EEOC in order to waive the statute of limitations, Bruce, supra, 314 F.3d at 74 (id. at 3). Alternatively, defendant contends that the VA did not investigate plaintiff's hostile work environment claim and addressed only her claims for disparate treatment and retaliation claims, thus the VA did not have a limitations defense against a claim not raised before it (id. at 4). Thus parsing plaintiff's claims, defendant concludes that her hostile work environment claim is untimely (id.). As for plaintiff's contention that defendant further waived this defense by not raising it against her as defendant raised it in its motion to dismiss as against

5

two former plaintiffs[3] (cf. Docket No. 43, Pl. Memo. at 5; Docket No. 13, Def. Motion to Dismiss), defendant argues that under Federal Rule 12(b) it could raise the limitations defense in its Answer or pre-Answer motion to dismiss (Docket No. 44, Def. Reply Memo. at 5), and defendant asserts in its Answer a statute of limitations defense (Docket No. 21, Ans., Third Affirmative Defense).

On the merits of her hostile work environment claim, defendant replies that plaintiff's response to this motion contradicted her prior sworn testimony that she did not subjectively fear her work environment (id. at 6), see Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969). Defendant argues that plaintiff's stated concern, the exposure of a coworker to Pontillo's harassment, does not justify a hostile work environment claim by plaintiff (id. at 7).

As for plaintiff's retaliation claim, defendant replies that it asserted a legitimate, non-retaliatory reason for terminating plaintiff and plaintiff merely argues that pretext can somehow be discerned from the change in the focus of the administrative investigation from Pontillo to her (id. at 8). The change in focus is explained because of the incredible testimony and inappropriate behavior of plaintiff and her cohorts that was uncovered during the investigation (id.). Defendant also argues that temporal proximity of the investigation and plaintiff's termination, by itself, is insufficient to establish pretext (id. at 9).

## DISCUSSION

I.  Standards

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine

---

[3] Defendant moved against Hensel and Prevorse for not complying with the "back end" limitations period of 90 days, while plaintiff complied with that limitations period in commencing this action, Docket No. 44, Def. Reply Memo. at 5.

6

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002). The opponent to summary judgment may argue that he cannot respond to the motion where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011). The movant is to submit facts in which there is no genuine issue, id. R.

7

56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56(a)(2). Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id. Each statement of material fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3).

II. Application

    A. Statute of Limitations

Timeliness of plaintiff's complaint under the two-stage limitations process is not jurisdictional, but subject to defendant's waiver, Bruce, supra, 314 F.3d at 74. The 45-day initial limitations period is to be strictly construed even to the detriment of plaintiffs, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1994); Pollock v. Chertoff, 361 F. Supp. 2d 126, 135 (W.D.N.Y. 2005) (Larimer, J.).

Circuit courts have split on whether an agency waives a timeliness objection if it hears the merits of a complaint. Ester discussed how those Circuits which considered the question handled it,. The agency under Ester may even decide the complaint in the alternative, by finding the complaint to be untimely but also addressing its merits without fear of waiver, Ester, supra, 250 F.3d at 1072 n.1. The Fifth Circuit requires an agency to make an explicit finding of timeliness before accepting that the agency has waived a timeliness objection, Rowe v. Sullivan, 967 F.2d 186, 191 (5th Cir. 1992). The Ninth Circuit, on the other hand, holds that the agency waives the timeliness objection when it makes a finding of discrimination, Boyd v. United States Postal Serv., 752 F.2d 410, 414 (9th Cir. 1985), presumably because the complainant relies upon that determination to its detriment if the timeliness objection is later invoked. Boyd applied the

concept that an investigation by an agency did not constitute a waiver of the timeliness objection, 752 F.2d at 414; see also Belgrave v. Pena, 254 F.3d 384 (2d Cir. 2001) (discussed below). The Seventh Circuit in Ester took a different tact, concluding that an agency[4] addressing the merits waives the timeliness objection by reaching the merits, 250 F.3d at 1071-72; see Bowden v. United States, 106 F.3d 433, 438-39 (D.C. Cir. 1997). The Seventh Circuit applied the standard enunciated by the Supreme Court in United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 37 (1952), that "orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts," and that "any objections not made before the administrative agency are subsequently waived before the courts," id.; Ester, supra, 250 F.3d at 1072. The Seventh Circuit points to "strong policy considerations" compelling application of the L.A. Tucker standard to find a waiver because "the values of judicial economy, agency autonomy, accuracy and the need for a well-developed record for review, are all served by requiring objections--even those objections possessed by the agency itself--to be raised in the agency proceeding," that the agency fully state the reasons for its actions, Ester, supra, 250 F.3d at 1072 (citing SEC v. Cherney Corp., 332 U.S. 194, 196 (1947)). Finally, the Seventh Circuit analogized the federal/agency waiver decision to the federal/state decision in a habeas proceeding where federal law requires a plain statement of any adequate and independent state law ground before federal courts would not address the federal questions presented, id. at 1072-73.

Defendant argues that plaintiff's claims prior to March 3, 2009, are time barred by the "front-end" period of limitations for federal employee claims against their employing agency.

---

[4] As in this case, the agency was the VA.

Most of plaintiff's claims arise prior to that date. Plaintiff responds that defendant, by responding to the merits of her claim, waived the limitations defense. Defendant denies that a waiver exists under Second Circuit law. The issue here is how the Second Circuit (and hence this Court) addressed the Ester standard of the Seventh Circuit and whether the defendant waived the statute of limitations by responding to the merits of plaintiff's claim.

In Bruce, the United States District Court for the Northern District of New York granted the defendant Department of Justice's motion to dismiss on statute of limitations grounds, although plaintiff's employer, the Federal Bureau of Investigation, addressed the merits of plaintiff's claim and accepted his claim as timely, 314 F.3d at 73. The Second Circuit reversed and remanded, holding that "an agency waives a timeliness objection by making an express finding that the complaint was timely or failing to appeal an EEOC determination of timeliness," finding that the EEO officer in that case made such an express finding of timeliness, id. at 74. The court distinguished this from Belgrave, supra, 254 F.3d 384 (2d Cir. 2001), which held that initiating an investigation did not waive a timeliness objection, Bruce, supra, 314 F.3d at 74. But in making that distinction, the Second Circuit expressly cautioned that agencies should not take the next step and explicitly find a complaint was timely and then assert a timeliness objection, Bruce, supra, 314 F.3d at 74. The Second Circuit then distinguished Ester, supra, 250 F.3d at 1071-72, where the agency rendered a merits decision and did not raise timeliness until the complainant sued and deemed that situation to be a waiver of the timeliness objection. The Second Circuit, while holding the Ester rule to be "sound," found that Ester "[did] not address a situation where a government agency makes a specific finding of timeliness and communicate[d] that to a complainant," hence not applying the "good law" of Ester there, Bruce, supra, 314 F.3d at 74-75.

10

Judge Larimer, in <u>Pollock</u>, supra, 361 F. Supp. 2d at 134 (W.D.N.Y. 2005), stated that "because the Government never made an explicit finding that plaintiff's complaint was timely, it cannot be said that it waived the exhaustion defense," (citing <u>Lewis v. Snow</u>, No. 01 Civ. 7785, 2003 U.S. Dist. LEXIS 15700, at *21 (S.D.N.Y. Sept. 8, 2003)). But this is raised there in dictum regarding the question whether the agency waived a related defense, exhaustion of the administrative remedies, <u>Pollock</u>, supra, 361 F. Supp. 2d at 134. In <u>Lewis v. Snow</u>, plaintiff sued the Treasury Department and, during the administrative procedures on plaintiff's complaint, the department investigated plaintiff's claim and decided its merits without addressing its timeliness. The district court then held that plaintiff's Title VII claim was time barred because there was no finding by the department as to the timeliness of plaintiff's complaint and there was no EEOC finding of timeliness, hence defendant did not waive the timeliness objection, 2003 U.S. Dist. LEXIS 15700, at *21.

If the agency addresses timeliness of the complaint, the cases consistently deny the agency later use of the timeliness defense in an action, see <u>Bruce</u>, supra, 314 F.3d at 74-75; <u>Rowe</u>, supra, 967 F.2d at 414. When the agency addresses the merits of the complaint, regardless of whether it addresses the timeliness of that complaint, the circuits have split as to the availability of the timeliness objection when plaintiff sues.

Here, like <u>Lewis</u>, there was no finding of timeliness for plaintiff's claims but the VA investigated and reached the merits of plaintiff's claim. As cited by Judge Larimer in <u>Pollock</u>, supra, 361 F. Supp. 2d at 134, and held in <u>Lewis</u>, supra, 2003 U.S. Dist. LEXIS 15700, at *21, defendant **did not waive** the timeliness of plaintiff's claim. Therefore, defendant's motion for summary judgment as to plaintiff's pre March 3, 2009, claims **should be granted**.

B. Hostile Work Environment Claim

On the merits of plaintiff's hostile work environment claim, she needs to establish she personally considered the environment to be hostile and that the environment rose to some objective level of hostility, Leibovitz v. New York City Transit Auth., 252 F.3d 179, 188 (2d Cir. 2001); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (objectively hostile to reasonable person) (Docket No. 34, Def. Memo. at 6-7). There are objective and subjective elements to this claim.

Here, plaintiff complains because of the impact to a third party, a former plaintiff in this case, and plaintiff was not personally offended by Pontillo's antics. Here motion response contradicting her earlier sworn testimony notwithstanding, plaintiff cannot establish the subjective element for her prima facie hostile work environment claim. Plaintiff is seeking damages for <u>her</u> injuries as a result of Pontillo's actions. The fact that plaintiff was distressed for a coworker does not state a hostile work environment claim, cf. Virola v. Xo Communs., Inc., No. 05-cv-5056, 2008 U.S. Dist. LEXIS 30413, at *62 n.28 (E.D.N.Y. Apr. 15, 2008) (evidence of harassment to coworkers may be relevant to employee's own claims of hostile work environment, citing Leibovitz, supra, 252 F.3d at 190). This claim should be **denied** and defendant's motion for summary judgment (Docket No. 33) on this ground should be **granted**.

C. Non-Discriminatory Basis for Terminating Plaintiff

To establish a prima facie retaliation claim, plaintiff needs to show that she participated in a protected activity, that defendant knew of the protected activity, she suffered an adverse employment action, and there is shown a causal connection between the adverse action and the protected activity, Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cr. 2005) (Docket No. 43, Pl. Memo. at 11-12). As with a discrimination claim under McDonnell Douglas, once

12

plaintiff establishes the existence of a prima facie case, the burden shifts to defendant to show a legitimate, non-retaliatory reason for the adverse action, id.(Docket No. 43, Pl. Memo. at 12).

The non-retaliatory reason for plaintiff's termination was her fantastic accusations against Pontillo, her lying under oath during the administrative investigation (Docket No. 34, Def. Memo. at 12). Plaintiff cannot show pretext because six other employees were disciplined for their roles in the Pontillo investigation, with half also filing EEO complaints and where most of the employees agreed to accept suspensions rather than force a termination (id. at 12-13). The timing of the termination relative to the Pontillo investigation does not create a pretext since the stated justification for the employment action is plaintiff's lying during that investigation. The VA credited Pontillo and not plaintiff; this does not provide a pretext for alleged retaliation.

Defendant's motion for summary judgment on this ground also should be **granted**.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion for summary judgment (Docket No. 33) be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 17, 2012