UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BONNIE PIASECKI,

                        Plaintiff,

        v.                          DECISION AND ORDER
                                       10-CV–208

ERIC SHINSEKI, SECRETARY,
U.S. DEPARTMENT OF VETERANS AFFAIRS,

                        Defendant.

---

      The instant employment discrimination case involving allegations of hostile work environment discrimination and retaliation pursuant to Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII") was referred to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. §636(b)(1). Defendant moved for an order, pursuant to Federal Rule of Civil Procedure 56, granting summary judgment in favor of Defendant and dismissing Plaintiff's complaint in its entirety and with prejudice. (Dkt. Nos. 33-37)

      On December 17, 2012, Magistrate Judge Scott issued a Report and Recommendation recommending the following: (1) this Court find that Plaintiff's hostile work environment claim is time barred by the "front-end" statute of

limitations period for federal employee claims against a federal agency[1]; (2) this Court grant Defendant's summary judgment motion with respect to Plaintiff's claim of hostile work environment discrimination, on its merits, since Plaintiff admitted that she was not personally offended by the alleged harasser's remarks and therefore failed to establish the subjective element of harm necessary to sustain a *prima facie* case of hostile work environment discrimination; and (3) this Court grant Defendant's motion for summary judgment as to Plaintiff's retaliation claim, also on its merits, since Plaintiff's lying during her employer's investigation and patient abuse constituted legitimate, non-discriminatory reasons for her discharge, and no pretext could be shown. (Dkt. No. 46) Based upon these findings, Magistrate Judge Scott recommended that Defendant's motion be granted in its entirety and Plaintiff's complaint dismissed. *Id*.

Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 47) Therein, Plaintiff stated that she had no objections to the Magistrate Judge's findings with respect to her hostile work environment claim, however she objected to his findings with respect to her retaliation claim. Defendant filed a response. (Dkt. No. 49) Plaintiff was given an opportunity to file a reply but declined to do so, and the Court deemed the matter submitted.

---

[1] An employee suing the federal government must exhaust certain administrative remedies before initiating a lawsuit in federal court. *Boos v. Runyon*, 201 F.3d 178, 181 (2d. Cir. 2000). The first step is to "initiate contact with an [EEO] Counselor within 45 days of the date the matter alleged to be discriminatory." 29 C.F.R. §1614.105(a)(1).

2

A district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. §636(b)(1). "To accept the report and recommendation of a magistrate, to which no objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Torres v. New York*, 976 F. Supp. 249 (SDNY 1997). With respect to Magistrate Judge Scott's finding regarding the timeliness of Plaintiff's hostile work environment claim, this Court agrees with the Magistrate Judge's assertion that circuit courts have split as to whether a federal agency waives its timeliness defense if it adjudicates the merits of a discrimination complaint.[2] *See Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992) (an agency must make an explicit finding that a complaint is timely before it will be found to have waived its timeliness defense); *Boyd v. United States Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985) (an agency waives a timeliness defense when it makes a finding of discrimination); *Ester v. Principi*, 250 F.3d 1068 (7th Cir. 2001) (when an agency decides the merits of a complaint, without addressing the question of timeliness, it has waived a timeliness defense in a subsequent lawsuit).

Furthermore, the Second Circuit has not expressly ruled as to whether a federal agency that decides the merits of a discrimination complaint, without addressing the issue of timeliness, has waived the timeliness defense in a

---

[2] Here, Defendant, in its final agency decision, dismissed Plaintiff's claims on the merits without discussing the statute of limitations.

3

subsequent lawsuit. *See Bruce v. United States Department of Justice*, 314 F.3d 71 (2d Cir. 2002) (noting that it considers *Ester* to be "good law" but finding it distinguishable from the case at bar and thus not applying it); *Briones v. Runyon*, 101 F.3d 287, 290 (2d. Cir. 1996) (where an administrative agency fails to appeal an EEOC determination of timeliness, it has waived a subsequent defense of timeliness); *Belgrave v. Pena*, 254 F.3d 384 (2d Cir. 2001) (federal agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint).

However, since this Court finds that Magistrate Judge Scott's dismissal of Plaintiff's hostile work environment claim, on its merits, was neither clearly erroneous nor contrary to law, it need not decide the issue of timeliness. Specifically, the Court concurs with Magistrate Judge Scott that Plaintiff's own sworn statements indicate that she did not personally consider her work environment to be hostile, and therefore she failed to satisfy the subjective element of a hostile work environment discrimination claim under Title VII.

The Court also finds that Defendant is entitled to summary judgment with respect to Plaintiff's hostile work environment claim since Plaintiff cannot establish that Defendant is vicariously liable for any alleged harassment on the part of his employees. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). In *Petrosino v. Bell Atlantic*, the Second Circuit held that "where an employee is the victim of sexual harassment...by non-supervisory co-workers, an employer's

4

vicarious liability depends on the plaintiff showing that the employer knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action." 385 F.3d 210, 225 (2d Cir. 2004). Here, the undisputed facts establish that on the very same day that Defendant learned of the harassment allegations, he removed the alleged harasser from the workplace and placed him on administrative leave. Defendant ordered that an Administrative Board of Investigation ("ABI") be formed to fully investigate the charges. The ABI conducted an extensive, six week investigation of the complaints which included testimony from 34 witnesses, 900 pages of condensed transcripts and culminated in a 21-page written decision. Based upon this investigation, the ABI concluded that there was no credible evidence to sustain the charges against the alleged harasser. Since the undisputed facts clearly indicate that Defendant took appropriate remedial action upon learning of Plaintiff's complaint, Defendant cannot be found liable for any alleged hostile work environment.

Therefore, for the reasons set forth on page 12 of Magistrate Judge Scott's Report and Recommendation, and for the reasons set forth herein, Defendant's motion for summary judgment with respect to Plaintiff's hostile work environment claim under Title VII is granted.

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review, and after reviewing the

submissions from the parties, the Court hereby adopts Magistrate Judge Scott's recommendation that Defendant's motion for summary judgment with respect to Plaintiff's retaliation claims be granted. The undisputed facts demonstrate that there was a legitimate, non-discriminatory reason for the adverse action. Plaintiff was disciplined and ultimately terminated for making false statements before the ABI, failing to follow the ABI's instructions, and patient abuse. The undisputed facts also indicate that of the six employees disciplined as a result of the ABI investigation, three did not make discrimination or harassment complaints of any kind.

Plaintiff's pretext argument is without merit. The first page of the ABI's decision clearly states that the ABI was formed and the investigation initiated as a result of complaints against the alleged harasser. (Dkt. No. 35, Exh. 12, p. 1) In addition, since almost a year passed between the initial harassment complaint and the recommendation to terminate Plaintiff, there is no temporal proximity. Morever, even if these incidents had occurred closer in time, temporal proximity alone is not sufficient to find pretext sufficient to sustain a retaliation claim. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d. Cir. 2010) ("temporal proximity of events may give rise to an inference of retaliation for purposes of establishing a *prima facie* case of retaliation under Title VII...without more, such temporal proximity is insufficient to satisfy [plaintiff's] burden to bring forward some evidence of pretext...[i]ndeed, plaintiff must come forward with some evidence of

pretext in order to raise a triable issue of fact"). Thus, for the reasons set forth in Magistrate Judge Scott's Report and Recommendation, and for the reasons stated herein, Defendant's motion for summary judgment with respect to Plaintiff's retaliation claims under Title VII is granted.

For the foregoing reasons, Defendant's motion for summary judgment is granted in its entirety and Plaintiff's complaint is dismissed. The Clerk of the Court is directed to close the case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 12, 2013